IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------x
:
ROBERT L. TAGLIAFERI                        :        3:10 CV 1759 (JGM)
:
:
v.                                          :
:
TOWN OF HAMDEN, THOMAS WYDRA,               :        DATE: JUNE 18, 2013
FRANK MCDERMOTT, TIMOTHY WYDRA              :
WILLIAM ONOFRIO, DENNIS RYAN,               :
PAUL CALAMITA, AND ERIC GOCLOWSKI           :
:
----------------------------------------------------x

RULING ON PLAINTIFF'S MOTION TO COMPEL

The factual and procedural history behind this litigation are set forth in this Magistrate Judge's Ruling on Plaintiff's [Second] Motion for Prejudgment Remedy – Temporary Restraining Order, filed July 24, 2012 (Dkt. #51). On January 2, 2013, the parties consented to trial before this Magistrate Judge (Dkts.##57-58). Roughly in accordance with deadlines set by the Court (see Dkt. #61), on February 11, 2013, plaintiff filed the pending Motion for Order Compelling Discovery (Dkt. #62)[1], as to which defendants filed their brief in opposition on April 15, 2013. (Dkt. #70[2]; see also Dkts. ##64-65, 67-68).

---

[1] Plaintiff failed to file his exhibits, but the exhibits were provided, at the Court's request, by defense counsel (see Dkts. ##75-77) as follows: copy of letter from plaintiff to defense counsel, dated April 8, 2012 (Exh. A); copy of plaintiff's Motion for Order to Compel, dated February 8, 2013 (Exh. B), which never was submitted to the Court for filing; copy of Judge Arterton's Ruling on Plaintiff's Motion for Pretrial Conference and to Preserve Evidence, filed April 19, 2012 (Exh. C; see also Dkt. #33); copies of Plaintiff's First Request for Production of Documents and of Plaintiff's First Sets of Interrogatories, all dated February 15, 2012 (Exh. D); and copies of Defendants' Objections and Responses to Plaintiff's First Sets of Interrogatories, all dated June 18, 2013 (Exh. E). Unfortunately, a copy of Defendants' Objections and Response to Plaintiff's First Request for Production of Documents was not included in this filing.

[2] Attached as Exh. A (Dkt. #72) is a copy of a list of plaintiff's lawsuits pending in the Connecticut Superior Court, as well as a summary sheet from his criminal conviction in the New Haven Superior Court.

On April 22, 2013, plaintiff filed a Motion for Extension of Time (Dkt. #73), seeking until

In his motion, plaintiff seeks production of documents responsive to twelve Requests for Production – Nos. 1, 2, 5, 12, 13, 14, 15, 17, 18, 19, 20 and 30. (Dkt. #62, at 2).[3] In their brief in opposition, defendants argue that with respect to Nos. 1-2, 12, 15 and 17, they have provided "all the documentation that specifically pertains to the plaintiff's claims asserted in this case, and [that] is in the defendants' possession." (Dkt. #70, at 6-7). With respect to No. 18, defendants argue that any response should be limited to the defendants who participated in plaintiff's apprehension or who were at the scene of the arrest. (Id. at 7). Defendants also assert that No. 19 should be limited to similar acts of misconduct. (Id. at 8). And, defendants further contend that No. 30, regarding defendant Onofrio's injuries, invades his privacy interests. (Id. at 7-8). Defendants represented that they have complied with Nos. 5, 13-14 and 20, to which they did not object. (Id. at 3, n.2).

After a careful review of these discovery requests (see Dkt. #77, Exh. D), the Magistrate Judge agrees that for Nos. 1-2, 12, 15, and 17, defendants only need to provide documents that specifically pertain to plaintiff's claims in this case that are within defendants' possession. For No. 18, defendants shall respond to the extent that they have any documents in their possession that relate the height and weight for the defendants who participated in plaintiff's apprehension or who were at the scene of the arrest as of late January 2008. With respect to No. 19, production will be limited to similar acts of misconduct for the period January 2005 through January 2008. And regarding No. 30, defendants shall provide copies of any records or reports generated by the Hamden Police

---

May 17, 2013 in which to file a reply brief; this motion was granted three days later (Dkt. #74), but no reply brief has been filed.

[3]In their brief in opposition, defendants also address several outstanding interrogatories. (Dkt. #70, at 3 n.2, 8-10). Insofar as plaintiff's motion does not discuss these interrogatories, the Court will not rule on these interrogatories either.

Department with respect to any injuries sustained by defendant Onofrio during plaintiff's arrest on January 25, 2008.   If any of these documents have not already been provided to plaintiff, defendants shall do so **on or before July 15, 2013**.

Accordingly, plaintiff's Motion for Order Compelling Discovery (Dkt. #62) is <u>granted to the limited extent set forth above</u>.

As previously ordered by the Court (<u>see</u> Dkts. ##69, 71), defendants' Motion for Summary Judgment, brief in support, Local Rule 56(a) Statement and exhibits are to be filed **on or before August 16, 2013**.

Dated at New Haven, Connecticut, this 18th day of June, 2013.

 /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge