UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-------------------------------------------------------x
                                :

| | | |
|---|---|---|
| ROBERT L. TAGLIAFERI, | : | No. 3:10 CV 1759 (JGM) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF HAMDEN, et al., | : | |
| Defendants | : | JANUARY 14, 2014 |
| | : | |

-------------------------------------------------------x

RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff, Robert L. Tagliaferi commenced this action pro se on November 9, 2010.  (Dkt. #1).  He names as defendants the Town of Hamden, Hamden Chief of Police Thomas J. Wydra ["Chief Wydra"], two Hamden Police Lieutenants, Frank McDermott and Timothy J. Wydra ["Lt. McDermott" and "Lt. Wydra"], and four Hamden Police Officers, William C. Onofrio, Dennis Ryan, Eric Goclowski and Paul Calamita.  In his complaint, plaintiff alleges that defendants violated his rights under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, Article First, sections seven, nine, ten and twenty of the Connecticut Constitution and state law when they used excessive force against him during his arrest.  In the Initial Review Order, filed June 17, 2011, then U.S. District Judge Christopher F. Droney, to whom the file originally was assigned, dismissed all claims for violation of the Eighth and Fourteenth Amendments. (Dkt. #5). Defendants filed their Answer with Affirmative Defenses on September 1, 2011.  (Dkt. #16).

On December 22, 2011, the case was transferred to U.S. District Judge Janet Bond Arterton. (Dkt. #24; see also Dkt. #25 (Initial Review Order by Judge Arterton)).  Judge Arterton referred the file to this Magistrate Judge on June 14, 2012 and August 1, 2012 for motions and discovery. (Dkts. ##43, 55; see also Dkts. ##51, 53, 56, 75-76, 78).  Thereafter, on January 2, 2013, the

parties consented to trial before this Magistrate Judge. (Dkts. ##57-58).

On September 16, 2013, defendants filed their Motion for Summary Judgment, along with their Local Rule 56(a)1 Statement of Undisputed Facts ["Defendants' Statement"], brief and exhibits in support.[1]  (Dkt. #84; see Dkts. ##61, 69, 71, 80-83, 85).  On December 9, 2013, plaintiff filed his brief in opposition, Local Rule 56(a)2 Statement in Opposition ["Plaintiff's Statement"],[2] and exhibits in support.  (Dkt. #92[3]; see also Dkts. ##86-91).  On December 26, 2013, defendants filed their reply brief.  (Dkt. #95).

For the reasons set forth below, defendants' Motion for Summary Judgment (Dkt. #84) is granted.

---

[1]Attached to defendants' brief are the following eleven exhibits: affidavit of defendant Dennis Ryan, sworn to September 12, 2013 ["Ryan Aff't"](Exh. A); affidavit of defendant Timothy Wydra, sworn to September 12, 2013 ["Wydra Aff't"](Exh. B); affidavit of defendant Frank McDermott, sworn to September 12, 2013 ["McDermott Aff't"](Exh. C); copy of Case/Incident Report prepared by defendant Ryan, dated January 25, 2008 (Exh. D); copy of Case/Incident Report prepared by defendant Onofrio, dated January 27, 2008 (Exh. E). Copy of Case/Incident Report prepared by defendant Wydra, dated January 29, 2008 (Exh. F); copy of excerpts from plaintiff's deposition, taken on August 15, 2012 ["Plaintiff's Depo."](Exh. G); Plaintiff's Statement, taken January 26, 2008 (Exh. H); copy of Case/Incident Report prepared by Stephen Baris, dated January 28, 2008 (Exh. I); copy of Conviction Summary for plaintiff (Exh. J); and copy of Case/Incident Report prepared by Thomas Rhone, dated January 25, 2008 (Exh. K).

[2]See note 4 infra.

[3]Attached to plaintiff's brief are the following nineteen exhibits: copy of Defendants' Statement (Exh. A); affidavit of plaintiff, dated to November 8, 2013 ["Plaintiff's Aff't"](Exh. B); Statement of Debra Sharkey to the Hamden Police Department, dated February 6, 2008 (Exh. C); additional excerpts from Plaintiff's Depo. (Exh. D); copy of Case/Incident Report prepared by defendant Ryan, dated January 25, 2008 (Exh. E); another copy of Case/Incident Report prepared by defendant Wydra (Exh. F); copy of Mapquest request (Exh. G); photos of arrest scene (Exh. H); copy of newspaper article from the New Haven Register, dated October 23, 2008 (Exh. I); training records of defendant Ryan (Exh. J); training records of defendant Onofrio (Exh. K); training records of defendant Wydra (Exh. L); training records of defendant Calamita (Exh. M); training records of defendant Goclowski (Exh. N); plaintiff's Emergency Room records, dated January 26, 2008 (Exh. O); list of lawsuits/complaints filed against the Hamden Police Department (Exh. P); list of lawsuits/complaints filed against defendant Onofrio (Exh. Q); Connecticut State Police Academy Training Policies and Procedures for Felony Motor Vehicle Stops (Exh. R); and photograph of plaintiff at time of arrest (Exh. S).

## I.  STANDARD OF REVIEW

A motion for summary judgment may be granted only where there are no issues of material fact in dispute and the moving party is therefore entitled to judgment as a matter of law.  See FED. R. CIV. P. 56; In re Dana Corp., 574 F.3d 129, 151 (2d Cir. 2009)(citation omitted).  The moving party may satisfy his burden "by showing–that is pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case."  PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002)(per curiam)(citations & internal quotations omitted).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009).  He must present such evidence as would allow a jury to find in his favor in order to defeat the motion for summary judgment.  Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000)(citations omitted).  Merely verifying the allegations of the complaint in an affidavit, however, is insufficient to oppose a motion for summary judgment.  Zigmund v. Foster, 106 F. Supp. 2d 352, 356 (D. Conn. 2000)(citations omitted).

When reviewing the record, the court resolves all ambiguities and draws all permissible factual inferences in favor of the party against whom summary judgment is sought.  Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 274 (2d Cir. 2009)(citations omitted).  If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate.  Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004)(citations omitted).  However, the existence of a "mere . . . scintilla" of evidence supporting the plaintiff's position is insufficient to defeat a motion for summary judgment.  Havey v. Homebound Mortgage, Inc., 547 F.3d 158, 163 (2d Cir. 2008)(citation & internal quotations omitted).  As the Second Circuit reiterated just last

month with respect to a defendant's motion for summary judgment, "[a]lthough a pro se litigant

is entitled to a liberal construction of his filings, his pro se status does not relieve him of his

obligation to comply with the relevant procedural rules[.]"  Alzawahra v. Albany Med. Center, No.

12-4517, 2013 WL 6284286, at *2 (2d Cir. Dec. 5, 2013)(citations omitted); see also Allah v.

Milling, No. 11 CV 668 (SRU), 2013 WL 6072723, at *2 (D. Conn. Nov. 19, 2013)(citation

omitted)(despite liberal interpretation afforded pro se litigants, an unsupported assertion cannot

overcome a properly supported motion for summary judgment); Castellano v. Murphy, No. 10 CV

794 (SRU), 2012 WL 4344321, at *2 (D. Conn. Sept. 21, 2012)(citations omitted)(same), aff'd,

2013 WL 5629949 (2d Cir. Oct. 16, 2013).

## II.  FACTUAL BACKGROUND[4]

The individual defendants are all employed by the Hamden Police Department.  (Defendants'

Statement ¶ 2; Plaintiff's Statement ¶ 2).  At the time of plaintiff's arrest, Officers Onofrio and Ryan

were assisting the FBI Safe Street Task Force in connection with a burglary investigation.

(Defendants' Statement ¶ 3; Plaintiff's Statement ¶ 2; Defendants' Exhs. D-E).  They had developed

information that plaintiff was suspected of committing a series of burglaries in various locations in

Connecticut. (Defendants' Statement ¶ 4; Plaintiff's Statement ¶ 2; Defendants' Exhs. D-E).

On January 25, 2008, Officers Onofrio and Ryan were conducting surveillance of plaintiff

while they were operating an unmarked vehicle.  (Defendants' Statement ¶ 5; Plaintiff's Statement

---

[4]These facts are taken from the parties' Local Rule 56(a) Statements and attached exhibits, and
are undisputed, unless otherwise indicated.

Plaintiff's Statement failed to comply with Local Rule 56(a)2, under which a party opposing a
motion for summary judgment must file a document entitled "Local Rule 56(a)2 Statement," which
statement sets forth "in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3
and corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement
whether each of the facts asserted by the moving party is admitted or denied."  Plaintiff instead lumped
several of defendants' paragraphs together into a single paragraph admitting or denying defendants'
factual allegations.

¶ 2; Ryan Aff't ¶ 3; Defendants' Exhs. D-E). Shortly before 2:00 p.m., they saw plaintiff driving a 1999 Dodge Dakota truck with another man and terminated the surveillance. (Defendants' Statement ¶¶ 6-8; Plaintiff's Statement ¶ 2; Ryan Aff't, ¶ 4; Defendants' Exh. D).  Plaintiff denies defendants' recitation that about one hour later, they saw the truck parked at a café on Whitney Avenue in Hamden, and that Officers Onofrio and Ryan observed the other man get into the driver's seat and drive away, at which point they began following the truck in an unmarked car, following him on Whitney Avenue in a southerly direction and then turning east onto Mount Carmel Avenue; plaintiff instead contends that the officers were "never" there, even though plaintiff himself was not present at this café.  (Defendants' Statement ¶¶ 9-10; Ryan Aff't, ¶¶ 5-6; Defendants' Exh. D; see Plaintiff's Statement ¶¶ 3-4).

Plaintiff agrees, however, Officers Ryan and Onofrio received a report of a 911 call for a burglary in process on Mount Carmel Avenue, but he denies that these two defendants were following the Dodge Truck and that the report included that the suspect was armed "with a blunt instrument."  (Defendants' Statement ¶¶ 11-12; Plaintiff's Statement ¶¶ 5-6; Ryan Aff't, ¶ 6; Defendants' Exhs. D, F; Plaintiff's Aff't ¶ 4, 7; Plaintiff's Depo. at 61).  Plaintiff further agrees that he entered the Dodge truck as it turned south on Ridge Road in North Haven, but he denies that Officers Ryan and Onofrio observed this from their unmarked car.  (Defendants' Statement ¶ 13; Plaintiff's Statement ¶ 7; Ryan Aff't, ¶ 7; Defendants' Exh. D; Plaintiff's Aff't, ¶¶ 9-12).  Plaintiff admits that the Dodge Truck then traveled on Broadway Street in North Haven back in the direction of Hamden and that Officers Ryan and Onofrio dispatched for a marked cruiser to assist in apprehending the suspects, but he denies that the two officers continued to follow the truck. (Defendants' Statement ¶¶ 14-15; Plaintiff's Statement ¶ 9; Ryan Aff't, ¶¶ 8-9; Defendants' Exh. D; Plaintiff's Aff't, ¶¶ 13-14).  Plaintiff also admits that Lt. Wydra responded to the call in an unmarked car equipped with a siren and lights, even though he contends that he did not notice any

unmarked police cruiser with audible or visible sirens while in the vicinity of Broadway near Ives Street.  (Defendants' Statement ¶ 16; Plaintiff's Statement ¶¶ 10-11; Wydra Aff't, ¶¶ 3-4; Defendants' Exh. F).  Plaintiff similarly admits that the Dodge truck turned into a parking lot off Ives Street and then exited onto Whitney Avenue in Hamden, but denies that Lt. Wydra first spotted the truck moments earlier just after the truck turned onto Ives Street from Broadway Street in North Haven.  (Defendants' Statement ¶¶ 17-18; Plaintiff's Statement ¶¶ 11-12; Wydra Aff't, ¶¶ 5-6; Defendants' Exhs. D, F; Plaintiff's Aff't, ¶¶ 14-15, 17).

Plaintiff admits that Lt. Wydra activated all the lights and sirens on the unmarked police cruiser and admits that the truck came to a stop on Muryln Road in Hamden, but denies that  there was a "high speed chase[.]"  (Defendants' Statement ¶¶ 19-21; Plaintiff's Statement ¶¶ 13-15; Wydra Aff't, ¶¶ 7-9; Defendants' Exhs. D, F; Plaintiff's Exh. G; Plaintiff's Aff't, ¶¶ 16, 18-21, 23; Plaintiff's Depo. at 70-73; Plaintiff's Exh. G).  In that plaintiff was known to have previously been arrested while in the possession of a firearm, Lt. Wydra yelled to the two occupants of the Dodge Truck to show their hands and to place them outside the window.  (Defendants' Statement ¶¶ 22-23; Plaintiff's Statement ¶¶ 16-17, 19; Ryan Aff't, ¶¶ 14-15; Wydra Aff't, ¶ 10; Defendants' Exh. F; Plaintiff's Aff't, ¶ 25; Plaintiff's Depo. at 73-75).   Plaintiff acknowledges that with his gun drawn, Officer Onofrio approached the passenger side of the Dodge truck, where plaintiff was seated, and ordered plaintiff to exit the vehicle, but plaintiff denies that the driver was moving around in the truck.  (Defendants' Statement ¶¶ 24-25; Plaintiff's Statement ¶¶ 18-19; Wydra Aff't, ¶ 11; Defendants' Exhs. E-F;  Plaintiff's Aff't, ¶¶ 24-25; Plaintiff's Depo. at 74-75).  Plaintiff admits that Officer Onofrio opened the passenger side door of the Dodge Truck, grabbed plaintiff's right wrist and pulled him from the vehicle onto the ground, but plaintiff denies having failed to comply with the officer's command to exit the vehicle.  (Defendants' Statement ¶¶ 26-28; Plaintiff's Statement ¶¶ 20-22; Defendants' Exh. E; Plaintiff's Aff't, ¶¶ 26, 28; Plaintiff's Depo. at 75, 79).   Plaintiff

6

similarly admits that Officers Goclowski and Calamita had arrived on the scene by this time and were assisting Officer Onofrio, but plaintiff denies having resisted arrest by attempting to get back up on his feet.  (Defendants' Statement ¶¶ 29-30; Plaintiff's Statement ¶¶ 23-24; Defendants' Exhs. E-F; Plaintiff's Aff't, ¶¶ 27, 30, 32; Plaintiff's Depo. at 125-26).  Plaintiff denies that he resisted arrest by Officers Onofrio, Goclowski and Calamita, but he admits that Officer Ryan and Lt. Wydra had approached the driver of the Dodge truck and had ordered the driver to show his hands and exit the vehicle.  (Defendants' Statement ¶¶ 31-32; Plaintiff's Statement ¶¶ 25-26; Ryan Aff't ¶¶ 13, 15; Wydra Aff't, ¶ 12;  Defendants' Exhs. D-F; Plaintiff's Aff't, ¶ 32; Plaintiff's Depo. at 126-27).

Although he did not witness these events, plaintiff does not dispute that Officer Ryan and Lt. Wydra struggled with the driver, ultimately bringing him to the ground and handcuffing him, in that the driver had refused orders to release his seatbelt and exit the vehicle, impeded Lt. Wydra's attempts to release the seatbelt, struggled against leaving the vehicle, struggled with the officers' attempts to bring him to the ground, and struggled against bringing his arms to his back. (Defendants' Statement ¶¶ 33-40; Plaintiff's Statement ¶ 27; Wydra Aff't, ¶¶ 12-20; Defendants' Exhs. D, F).   Plaintiff denies that Lt. McDermott arrived on the scene after both plaintiff and the driver had been placed into police custody, and that Lt. Wydra, Lt. McDermott and Officer Ryan did not participate in apprehending and arresting plaintiff, nor did they observe the interaction between plaintiff and Officers Onofrio, Goclowski and Calamita.  (Defendants' Statement ¶¶ 41-43; Plaintiff's Statement ¶¶ 28-30; Ryan Aff't, ¶¶ 20-23; Wydra Aff't, ¶¶ 22-25;   McDermott Aff't, ¶¶ 4-7; Plaintiff's Depo. at 125-26; Plaintiff's Exhs. E-F).

Following his arrest, plaintiff confessed to committing the burglary on Mount Carmel Avenue in Hamden as well as several other burglaries in Connecticut; he was charged with, and convicted of, multiple counts of burglary arising from his illegal activity between 2006 and 2008.  (Defendants' Statement ¶¶ 44-45, 47; Plaintiff's Statement ¶¶ 31-32, 34; Defendants' Exhs. H-K; Plaintiff's Aff't

7

¶ 4).[5]

### III.  DISCUSSION

Plaintiff's complaint alleges four counts.  In his First Count, plaintiff  asserts claims against Lt. Wydra, Lt. McDermott, and Officers Onofrio, Calamita, Goclowski and Ryan for use of excessive force and failure to intervene in violation of the federal and state constitutions.  (At 6).  In his Second Count, he asserts a claim against Lt. Wydra, Lt. McDermott, and Officers Onofrio, Calamita, Ryan and Goclowski for common law negligent assault, recklessness, negligent infliction of physical and emotional distress, assault and battery, and intentional infliction of physical and emotional distress.  (At 7-9).  In his Third Count, plaintiff asserts a claim against Chief Wydra, Lt. Wydra and Lt. McDermott for supervisory liability, for improper training and supervision. (At 9-12).  His Fourth Count is a claim for municipal liability against the Town of Hamden under CONN. GEN. STAT. §§ 52-557n and 7-465, and under Monell v. Department of Social Servs., 436 U.S. 658, 690-95 (1978). (At 12-14).

Defendants contend that the federal claims for use of excessive force against Lt. McDermott, Lt. Wydra and Officer Ryan are not cognizable because these defendants were not personally involved in plaintiff's apprehension and arrest, could not intervene to protect plaintiff because they did not observe plaintiff's apprehension, and are protected by qualified immunity.  (Dkt. #84, Brief, at 11-19; Dkt. #95, at 2-7). They further argue that plaintiff has presented no evidence to support a federal claim against the Town of Hamden under Monell or against any of the individual defendants in their official capacities.  (Dkt. #84, Brief, at 20-24; Dkt. #95, at 7-11). As to the state law claims, defendants assert that plaintiff has failed to support state law claims against Lt.

---

[5]The driver was charged with conspiracy to commit burglary in the first degree, interfering with a police officer and engaging an officer in pursuit, and is now a fugitive. (Defendants' Statement ¶¶ 46, 48; Plaintiff's Statement ¶¶ 33-34; Defendants' Exh. K; Plaintiff's Depo. at 42-44).

McDermott, Lt. Wydra and Officer Ryan under Article First, section seven of the Connecticut Constitution, and for intentional torts and negligence, and against <u>all</u> the defendants under Article First, Sections nine, ten, and twenty of the Connecticut Constitution, and for negligent assault, recklessness, and negligent infliction of emotional distress, as such common law claims are time-barred.  (Dkt. #84, Brief, at 25-37).  Lastly, defendants argue that plaintiff's claims against the defendant Town of Hamden fail under CONN. GEN. STAT. §§ 52-557n and 7-465.  (<u>Id.</u> at 20-23, 36-39).

Defendants do not address any federal or intentional tort claims against Officers Onofrio, Goclowski and Calamita.  (Dkt. #84, at 4).[6]

In his brief in opposition, plaintiff argues that Lt. McDermott, Lt. Wydra and Officer Ryan did play a role in apprehending plaintiff and "did have a very realistic opportunity to intervene, prevent and stop the assault against" him.  (Dkt. #92, Brief, at 2-4 & Exhs. C, F, H & R). Plaintiff further argues that he has demonstrated deliberate indifference from the twenty lawsuits filed against the Hamden Police Department, and Officer Onofrio in particular, and the lack of adequate training. (<u>Id.</u> at 4-9 & Exhs. E, K-Q, S).[7]

## A.   EXCESSIVE FORCE CLAIMS AGAINST LT. MCDERMOTT, LT. WYDRA AND OFFICER RYAN (FIRST COUNT)

As previously indicated, in his First Count, plaintiff alleges excessive force against six defendants -- Lt. Wydra, Lt. McDermott, and Officers Onofrio, Calamita, Goclowski and Ryan; in this motion, defendants seek summary judgment on this count with respect to three of them – Lt. McDermott, Lt. Wydra, and Officer Ryan.

---

[6]Although not specifically carved out, defendants also did not address plaintiff's claims against these three defendants under the Connecticut Constitution, Article First, section seven.

[7]Plaintiff's brief did not address the state law claims or official capacity.  (<u>See</u> Dkt. #95, at 2, n.1).

1.  FOURTH AMENDMENT

The use of excessive force by police officers prior to arraignment violates the Fourth Amendment's prohibition against unreasonable seizures.  See Graham v. Connor, 490 U.S. 386, 395 (1989).  To prevail on his excessive force claims, plaintiff must show that the amount of force used was objectively unreasonable, either as to when or how the force was applied, and that, as a result of the use of force, he suffered some compensable injury. Ferraresso v. Town of Granby, 646 F. Supp. 2d 296, 306-07 (D. Conn. 2009); Brooks v. Siegler, 531 F. Supp. 2d 323, 329 (D. Conn. 2008).   In addition, he must provide evidence that defendants were personally involved in the use of excessive force.  See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)(holding that allegation of defendant's personal involvement in alleged deprivation of constitutional rights is prerequisite to damage awarded under section 1983); Graham v. Peters, No. 13-CV-705 JTC, 2013 WL 5924727, at *4, n.1 (W.D.N.Y. Oct. 31, 2013)(dismissing claim for excessive force where plaintiff failed to allege that defendant participated in alleged assault).

The evidence provided by defendants clearly shows that Lt. McDermott, Lt. Wydra and Officer Ryan subdued and arrested the driver, which is not disputed by plaintiff.  (See Ryan Aff't, ¶ 13; McDermott Aff't, ¶¶ 5-6; Defendants' Exh. D, at 2; Defendants' Exh. F, at 1; Plaintiff's Depo. at 126-27).  These three defendants were not involved in the extraction of plaintiff from the truck and his restraint.  While plaintiff's affidavit contains detailed facts regarding his interactions with Officers Onofrio, Goclowski and Calamita and their alleged assault of him (Plaintiff's Aff't, ¶¶ 24-36), there is no mention whatsoever of any personal involvement by Lt. McDermott, Lt. Wydra and Officer Ryan.  In his brief in opposition, plaintiff directs the Court to the first page of Lt. Wydra's incident report. (Dkt. #92, Brief, at 3, citing Plaintiff's Exh. F).  That report, however, indicates that these three defendants were dealing with the driver, not plaintiff.  Thus, this report does not support plaintiff's argument. Therefore, plaintiff has not submitted evidence demonstrating a

genuine issue of material fact regarding the use of excessive force against him by Lt. McDermott, Lt. Wydra and Officer Ryan, so that defendants' motion for summary judgment is <u>granted</u> as to this claim.

Plaintiff also argues that Lt. McDermott, Lt. Wydra and Officer Ryan should have interceded to prevent the use of excessive force against him.  (Dkt. #92, Brief at 3-4).  Law enforcement officers have an affirmative duty to intervene to prevent the use of excessive force by other officers in their presence.  <u>See Curley v. Village of Suffern</u>, 268 F.3d 65, 72 (2d Cir. 2001)(citation omitted). Plaintiff must show that these three defendants had actual knowledge that excessive force was being used by another officer, had a realistic opportunity to intervene to prevent the use of excessive force, and disregarded the risk of harm to plaintiff by refusing or failing to take reasonable measures to stop the use of excessive force.  <u>See Hilson v. Maltese</u>, No. 9:09-CV-1373(NAM/ATB), 2012 WL 6965105, at *4 (N.D.N.Y. Dec. 14, 2012)(citations omitted), Magistrate Judge's Recommended Ruling adopted over objection, 2013 WL 375489 (N.D.N.Y. Jan. 30, 2013). The question whether an officer had adequate time to intervene or was capable of preventing the assault is a question for the fact finder unless, after considering all the evidence, the court determines that a reasonable jury could not possibly conclude otherwise.  <u>See O'Neill v. Krzeminski</u>, 839 F.2d 9, 11-12 (2d Cir. 1988); <u>Morales v. Town of Glastonbury</u>, No. 3:09 CV 713 (JCH), 2012 WL 124582, at *4 (D. Conn. Jan. 17, 2012).

Lt. Wydra and Officer Ryan have submitted affidavits stating that they were struggling with the driver and attempting to subdue and handcuff him while the alleged excessive force was used against plaintiff.  (Ryan Aff't, ¶¶ 13-19; Wydra Aff't, ¶¶ 11-20).  Similarly, Lt. McDermott has averred that when he arrived at the scene of plaintiff's arrest, both plaintiff and the driver already were in police custody, so that he was "not involved in the apprehension and arrest" of plaintiff, nor was he on the scene to observe the actions of the other officers.  (McDermott Aff't, ¶¶ 4-5).

11

Accordingly, Lt. Wydra, Lt. McDermott and Officer Ryan did not observe the actions of the other officers and did not have an opportunity to intervene to prevent the alleged use of excessive force. (Ryan Aff't, ¶¶ 20-23; Wydra Aff't, ¶¶ 21-25; McDermott Aff't, ¶¶ 5-7).  The Case/Incident Reports also indicate that Lt. McDermott, Lt. Wydra and Officer Ryan were occupied with the driver and were not involved in the apprehension of plaintiff.  (Defendants' Exhs. D, F).  In his brief in opposition, plaintiff directs the Court to a photograph of the truck, to support his contention that these three defendants had an unobstructed view of plaintiff's arrest and clear access to intervene. (Dkt. #92, Brief, at 3, citing Plaintiff's Exh. H).  However, plaintiff was on the passenger side of the truck, whereas Lt. McDermott, Lt. Wydra and Officer Ryan were on the driver's side of the truck. The photograph does not support plaintiff's contention that these three defendants, who were focused upon effectuating the arrest of the driver of the truck, could simultaneously observe plaintiff on the other side of the pickup truck.  See Morales, 2012 WL 124582, at *5, n.4 (defendant officer not on notice of excessive force being used against plaintiff even when plaintiff in that case claimed defendant officer could see the interaction "through the van.").

Another judge in this district recently held that officers occupied with subduing and handcuffing another suspect could not be liable for failing to intervene to protect the plaintiff in that case from use of excessive force, in that the officers did not observe any use of force and were not on notice that excessive force was being used merely because they heard sounds of a struggle. Id. at *6.  In this case, plaintiff has presented no evidence in opposition to the motion for summary judgment showing that Lt. Wydra, Lt. McDermott, and Officer Ryan were actually aware that excessive force was being used against him.  In light of Morales and the lack of contrary evidence, the Court concludes that a jury could not find in favor of plaintiff on this claim.  Defendants' motion for summary judgment is granted as to the federal claim against Lt. McDermott, Lt. Wydra and Officer Ryan for failure to intervene.

<u>2.   STATE CONSTITUTIONAL PROVISIONS</u>[8]

Plaintiff also brings claims against these same six defendants for violation of Article First, sections seven, nine, ten and twenty of the Connecticut Constitution.  Article First, section seven protects against illegal searches and seizures. As discussed above, Lt. McDermott, Lt. Wydra and Officer Ryan were involved in subduing the driver and placing him under arrest.  They did not participate in the seizure of plaintiff.   Thus, plaintiff has presented no evidence showing that defendant Lt. McDermott, Lt. Wydra or Officer Ryan was personally involved in his search and seizure.  (<u>See also</u> Dkt. #84, Brief, at 25-26).

Article First, section nine protects against false arrest; Article First, section ten, ensures access to the courts; and Article First, section twenty, ensures equal protection of the laws and protection against discrimination.  Defendants argue that plaintiff has presented no evidence to support claims against any of these six defendants under any of these provisions.  (Dkt. #84, Brief, at 26-27).  One important element of a false arrest claim under Connecticut law is that there was no probable cause for the arrest.  <u>See DeFazio v. City of Westport</u>, No. CV125029863S, 2013 WL 3316480, at *2 (Conn. Super. Ct. June 12, 2013)(citation omitted).  Plaintiff confessed following his arrest and he does not dispute that he was convicted of one count of burglary arising out of the arrest at issue in this lawsuit. (Defendants' Statement ¶¶ 44-45, 47; Plaintiff's Statement ¶¶ 31-32, 34; Defendants' Exhs. H-K; Plaintiff's Aff't ¶ 4).  Conviction on the charge for which a person was arrested is conclusive proof of probable cause for the arrest.  <u>See Horton v. Town of Brookfield</u>, No. 3:98 CV 1834 (JCH), 2001 WL 263299, at *3 (D. Conn. Mar. 15, 2001)(citations omitted), <u>aff'd</u>, 40 F. App'x 635 (2d Cir. 2002); <u>Konon v. Fornal</u>, 612 F. Supp. 68, 71 (D. Conn. 1985)(citations omitted).  Thus, plaintiff cannot prevail on his claim for violation of Article First, section nine against

---

[8]Plaintiff does not address this issue in his brief in opposition.  (<u>See</u> Dkt. #95, at 2, n.1).

any of these six defendants.

Plaintiff has alleged no facts suggesting that the was denied access to the state court and has presented no evidence to support his claim for violation of Article First, section ten.  Further, he has identified no similarly situated person who was treated differently by defendants to support a claim under Article First, section twenty for denial of equal protection of the laws, and no facts suggesting that his treatment was the result of any discrimination based on race, national origin, religion, sex or disability.  Thus, plaintiff cannot prevail on his claim for violation of Article First, section ten against any of these six defendants.

Therefore, defendants' motion for summary judgment is granted as to all claims against Lt. McDermott, Lt. Wydra and Officer Ryan for violation of plaintiff's rights under the Connecticut Constitution, and against Officers Onofrio, Goclowski and Calamita with respect to plaintiff's claims under Article First, sections nine, ten and twenty of the Connecticut Constitution.

B.  TORTS UNDER STATE LAW (SECOND COUNT)[9]

As previously discussed, in the Second Count of his complaint, plaintiff alleges intentional and negligence tort claims against these same six defendants.

1.  INTENTIONAL TORTS

a.  ASSAULT AND BATTERY

With respect to plaintiff's claims for assault and battery, defendants move for summary judgment in favor of Lt. McDermott, Lt. Wydra and Office Ryan only.  (See Dkt. #84, Brief, at 27-28).  To prevail on state law claims for assault and battery, plaintiff must demonstrate that Lt. McDermott, Lt. Wydra and Officer Ryan intended to cause a harmful or offensive contact with plaintiff or place him in imminent apprehension of such contact.  See Simms v. Chaisson, 277 Conn.

---

[9]Plaintiff does not address any of these issues in his brief in opposition.  (See Dkt. #95, at 2, n.1.).

14

319, 331 (2006)(citation omitted).  As explained in Section III.A.1 supra, Lt. McDermott, Lt. Wydra and Officer Ryan were not involved in plaintiff's apprehension.  As they took no actions pertaining to plaintiff and had no contact with him, any claims for assault and battery must fail.

b.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

In the Second Count of his complaint, plaintiff also alleges the elements of a claim for intentional infliction of emotional distress, namely that these same six defendants intended to inflict emotional distress on plaintiff, their conduct was extreme and outrageous, their conduct was the source of his distress, and that the emotional distress suffered by plaintiff was severe. See Perez-Dickson v. City of Bridgeport, 304 Conn. 483, 526-27 (2012)(listing elements of cause of action for intentional infliction of emotional distress)(citation omitted).  Again, defendants move for summary judgment with respect to Lt. Wydra, Lt. McDermott, and Officer Ryan only with respect to this claim.  As explained above, however, these three defendants took no actions regarding plaintiff; they were occupied with subduing and restraining the driver and were unaware of plaintiff's activities.  Plaintiff has presented no evidence in opposition to the motion for summary judgment, other that his opinion, demonstrating any intentional conduct toward him by these three defendants, and thus cannot state a claim for intentional infliction of emotional distress against Lt. McDermott, Lt. Wydra and  Officer Ryan.  (See Dkt. #84, Brief, at 28-29).

Defendants' motion for summary judgment is granted as to the intentional tort claims against defendants McDermott, Wydra and  Ryan.

2.  NEGLIGENCE TORTS

As previously indicated, plaintiff has made allegations against all six defendants for negligence, recklessness, negligent assault, and negligent infliction of emotional distress.  In their brief, defendants argue that these claims fail with respect to Lt. Wydra, Lt. McDermott and Office Ryan in that they were not involved in the struggle with or apprehension of plaintiff.  (Dkt. #84,

15

Brief, at 29-30, 31-35).[10]  Defendants further argue that all of these negligence claims are barred by the two year statute of limitations set forth in CONN. GEN. STAT. § 52-584,[11] in that incident occurred on January 25, 2008, but this lawsuit was not commenced until November 9, 2010, more than nine months after the statute of limitations ran.  (Id. at 30-31, 37).  These state negligence claims are barred by the two year statute of limitations.  See Arteaga v. Town of Waterford, No. HHDX 07 CV 5014477S, 2010 WL 1611377, at *3 (Conn. Super. Ct. Mar. 16, 2010).[12]

Therefore, defendants' motion for summary judgment is granted as to plaintiff's negligence claims against these six defendants, as time-barred.

### C.   SUPERVISORY LIABILITY (THIRD COUNT)

#### I.  CHIEF WYDRA

Plaintiff's Third Count alleges supervisory liability against Chief Wydra for failure to properly train the remaining defendants to prevent the use of excessive force.   Plaintiff further alleges that Chief Wydra was responsible for assigning officers to the FBI task force and for ensuring that all

---

[10]Defendants also argue that Lt. Wydra, Lt. McDermott and Officer Ryan are entitled to immunity under CONN. GEN. STAT. § 52-557n(a)(2)(B).  (Id. at 35-37).  Defendants further assert that plaintiff's claims against the Town of Hamden pursuant to Section 52-557n must fail because the Town is immune from liability acts involving malice, wantonness, or intent to injure.  (Id. at 36-37, citing CONN. GEN. STAT. § 52-557n(a)(2)(A)).

[11]Section 52-584 provides in relevant part: "No action to recover damages for injury to the person . . .  caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered. . . ."

[12]It is undisputed that the three year statute of limitations under CONN. GEN. STAT. § 52-577, which is the "general or residual" state statute of limitations for general torts, applies to plaintiff's Section 1983 claims as well as his claims under the Connecticut Constitution.  See Rohner v. Town of Coventry, 581 F. Supp. 2d 315, 319 (D. Conn. 2008), citing Owens v. Okure, 488 U.S. 235, 249-50 (1989); Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002); Walker v. Jastremski, 159 F.3d 117, 119 (2d Cir. 1998); Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994); In re State Police Litig., 888 F. Supp. 1235, 1249 (D. Conn. 1995).

officers were well-trained and qualified to perform their jobs.[13]  Plaintiff also alleges that Chief Wydra knew or should have known that the officers had a long documented and established record of police brutality and use of excessive force. To prevail on this claim, a plaintiff must present evidence both that the failure to train occurred under circumstances that could constitute deliberate indifference to the safety of the plaintiff and identify a specific deficiency in the municipal training program that is so closely related to the injury suffered by the plaintiff as to have actually caused that injury.  See Amnesty America v. Town of West Hartford, 361 F.3d 113, 129-31 (2d Cir. 2004); see also Connick v. Thompson, ___ U.S. ___, 131 S. Ct. 1350, 1365-66 (2011)(rejecting failure to train claim against municipality because plaintiff had not proven pattern of similar violations to establish that supervisor had received adequate notice of the specific constitutional violation allegedly resulting from his failure to adequately train subordinates); City of Canton v. Harris, 489 U.S. 378, 390-91 (1989).

Attached to plaintiff's brief in opposition are training records which he contends show that several officers were not required to attend training regarding use of force (Dkt. #92, Exhs. J-N), and he contends that prior to January 25, 2008, "they each attended only one program for use of force." (Dkt. #92, Brief, at 6).  Contrary to plaintiff's position, however, these training records clearly indicate that Officers Ryan, Onofrio, Calamita, and Goclowski, and Lt. Wydra did participate in a significant number of training sessions on "practical" issues, such as handcuffing and defensive tactics, and "Police and the Law," including use of force and civil liability.  (Id.).

Thus,  defendants' motion for summary judgment is granted as to the supervisory liability claim against Chief Wydra.

---

[13]Although plaintiff references failure to train in his count against Chief Wydra individually, failure to train claims usually are asserted against municipalities, not individuals.  See Cooper v. Cnty. of Monroe, No. 09-CV-6081 CJS, 2013 WL 6265458, at *11, n.8 (W.D.N.Y. Dec. 4, 2013)(citation omitted).

### 2.  LT. WYDRA AND LT. McDERMOTT

Plaintiff further contends in his Third Count that defendants Wydra and McDermott were the immediate supervisors of the other officers and should have taken control of the situation and intervened to prevent the use of excessive force against plaintiff.  To prevail on a claim for supervisory liability, a plaintiff must show that the supervisory defendant had actual or constructive notice of constitutional torts committed by his subordinates.  See Steadman v. Mayo, No. 09 Civ. 5154 (DAB)(MHD), 2013 WL 5863606, at *7 (S.D.N.Y. Oct. 30, 2013)(citations omitted). A plaintiff also must present evidence that the supervisory defendant was grossly negligent or deliberately indifferent by his failure to act.  See Hobbs v. Police Officers of City of New York, No. 10 Civ. 5717 (SHS)(HBP), 2013 WL 2985899, at *8 (S.D.N.Y. June 17, 2013), citing Merriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989). The supervisory liability claims against Lt. Wydra and Lt. McDermott relate solely to the January 25, 2008 incident.  Plaintiff alleges that they should have taken control of the situation, thereby preventing the use of excessive force against him.  Plaintiff has not presented any evidence to support his conclusory allegations that Lt. Wydra and Lt. McDermott  were or should have been aware of the prior conduct of the subordinate officers or that Lt. Wydra and Lt. McDermott were aware of the conduct of the other officers toward plaintiff during his apprehension and arrest.  Absent any evidence to support claims for supervisory liability against Lt. Wydra and Lt. McDermott, defendants' motion for summary judgment is granted as to these claims.[14]

---

[14]In light of the conclusions reached here, the Court need not discuss plaintiff's claims against these defendants in their official capacity.  Morever, as noted by defendants, plaintiff did not address this issue in his brief in opposition (Dkt. #95, at 2, n.1), so that this claim is deemed abandoned.  See Marrow v. Amato, 07 CV 401 (PCD), 2009 WL 350601, at *7 (D. Conn. Feb. 12, 2009)(multiple citations omitted); Coger v. Connecticut, 309 F. Supp. 2d 274, 280-81 (D. Conn. 2004), aff'd sub nom. on other grounds Coger v. Connecticut Dep't of Public Safety, 143 F. App'x 372 (2d Cir. 2005).

D.  MUNICIPAL LIABILITY (FOURTH COUNT)

In his Fourth Count, plaintiff seeks damages from the Town of Hamden under Connecticut statutory law as well as under Monell.

1.  STATE STATUTORY CLAIMS[15]

Plaintiff asserts claims against the Town of Hamden pursuant to CONN. GEN. STAT. §§ 7-465 and 52-557n.  Section 7-465 is an indemnification statute; it requires municipalities to reimburse employees for damages awarded against the employees for infringement of a person's civil rights while the employees were acting within the scope of their employment.  Defendants argue that any indemnification claim fails as a matter of law because plaintiff failed to comply with the statutory notice requirements.  Although noncompliance with the state notice requirement does not bar a section 1983 claim, see Armao v. American Honda Motor Co., 917 F. Supp. 142, 143-44 (D. Conn. 1996), it does preclude a supplemental state law claim.  See Bloom v. New York City Bd. of Educ. Teachers' Retirement Sys. of City of New York, No. 00 Civ. 2728(HBP), 2003 WL 1740528, at *12-13 (S.D.N.Y. Apr. 2, 2003)(unless exception applies, noncompliance with state notice of claim statute precluded supplemental state law claim); Pinaud v. Cnty. of Suffolk, 798 F. Supp. 913, 925 (E.D.N.Y. 1992)(applying state notice of claim statute to state claim brought in federal court pursuant to court's supplemental jurisdiction), aff'd on other grounds, 52 F.3d 1139 (2d Cir. 1995). Plaintiff did not comply with the requirement that he file written notice of his intent to commence an action within six months of the incident.  Thus, any claim pursuant to § 7-465 is not cognizable.

Section 52-557n imposes liability on the municipality for the negligence of municipal employees.  As addressed in Section III.B.2 supra, for a claim based on negligence, the two-year limitations period applies to this claim, so that defendants similarly argue that any claims based on

---

[15]Plaintiff does not address this issue in his brief in opposition.  (See Dkt. #85, at 2, n.1).

recklessness or negligence under CONN. GEN. STAT. § 52-584 are time-barred.[16]   As previously indicated, the incident occurred on January 25, 2008 and plaintiff was immediately aware of his injuries, so that he should have filed his complaint on or before January 25, 2010.  See Lessord v. Gen. Elec. Co., 258 F. Supp. 2d 209, 212 (W.D.N.Y. 2002)(applying state limitations period to supplemental state law claims).  However, plaintiff did not sign his complaint until November 1, 2010, nine months after the limitations period expired.  He has presented no evidence suggesting that the limitations period should be equitably tolled.  In fact, he fails to address this argument in his opposition papers.

Thus, defendants' motion for summary judgment is granted as to any claims filed pursuant to CONN. GEN. STAT. §§ 7-465 and 52-557n.

### 2. MONELL CLAIMS

Lastly, plaintiff asserts a claim for municipal liability against the Town of Hamden under Monell v. Department of Social Servs., 436 U.S. 658, 690-95 (1978), in which the U.S. Supreme Court set forth the test for municipal liability. The municipality may be liable for allegedly unconstitutional acts of a municipal employee if a plaintiff was subjected to the denial of his constitutional rights as a result of an official policy or custom.  See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)(multiple citations omitted).  However, a municipality cannot be held liable under section 1983 solely on a theory of respondeat superior.  See Monell, 436 U.S. at 694-95.  There must be "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation."  City of Canton, 489 U.S. at 385.  This link must be established by more than mere allegations; a plaintiff must show that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v.

---

[16]See note 11 supra.

Brown, 520 U.S. 397, 404 (1997)(emphasis omitted).

Before the Court addresses the municipal policy or custom, plaintiff must establish that he suffered a constitutional violation.  See Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013) ("Monell does not create a stand-alone cause of action under which a plaintiff may sue over a governmental policy, regardless of whether he suffered the infliction of a tort resulting from that policy.").  Plaintiff has yet to prove any constitutional violation.  However, the Court assumes, for purposes of deciding this motion only, that  plaintiff can demonstrate that excessive force was used against him in violation of the Fourth Amendment.

To survive summary judgment, plaintiff must present evidence establishing a municipal policy or custom that caused the denial of his constitutional right.  See Fenner v. City of New York, 392 F. App'x 892, 894 (2d Cir. 2010).   Plaintiff alleged facts regarding one incident only.   In response to the motion for summary judgment, he has submitted lists of cases filed against the defendant Town of Hamden for use of excessive force and police misconduct, and a list of seven cases naming Officer Onofrio as a defendant.  (Dkt. #92, Exhs. P-Q).  As an initial matter, plaintiff does not provide any information about the substance of the allegations made in these lawsuits.  Of the six federal cases[17] on the list of cases which plaintiff claims name Officer Onofrio as a defendant (Dkt. #92, Exh. Q), one is the instant case, two contained no specific allegations against Officer Onofrio,[18] and in one of them, defendant Onofrio was not named at all.[19]  Two of them bear a claim somewhat similar to those alleged against defendant Onofrio here, one for an incident

---

[17]The Court was unable to view the complaint in the state court action, Root v.  Town of Hamden, NNH-CV10-6011382-S, in which defendant Onofrio is named as a defendant in an action for assault and battery, as described on the web page for the State of Connecticut Judicial Branch (viewed on December 23, 2013).  According to that web page, that case is scheduled for trial in June 2014.

[18]Burgeson v. Downing, 06 CV 1663 (WWE); Vorcelia Oliphant v. Villano, 07 CV 1435 (SRU).

[19]Hamilton v. Town of Hamden, 08 CV 164 (PCD).

occurring in October 2006 and another for an incident occurring in October 2007.[20]

Plaintiff includes sixteen federal cases on his list of cases against defendant Town of Hamden.[21]  Of these sixteen federal lawsuits, one of them is the instant lawsuit, and the Court already has addressed five of them.[22]  Thus, of the ten remaining lawsuits, one could not be located on this Court's computerized docket sheet,[23] one was  not against the Town of Hamden or any of its law enforcement officers,[24] two were for unrelated claims,[25] one was duplicative,[26] and five were for excessive force, for incidents occurring in January 2005, April 2005, September 2009, and August 2010.[27]

---

[20]Anthony Oliphant v. Villano, 09 CV 862 (SAS), Dkt. #177, ¶¶ 73, 79-89; Alberino v. Town of Hamden, 08 CV 1606 (RNC), Dkt. #23, ¶¶ 9, 12-15.

The Alberino case settled, 08 CV 1606 (RNC), Dkt. #70, and the Anthony Oiphant case, 09 CV 862 (SAS), is still pending, and will be tried shortly, Dkts. ##266-67.

[21]In reviewing the web page for State of Connecticut Judicial Branch (viewed on December 23, 2013), the Court was unable to find any lawsuits against defendant City of Hamden filed by Sidney Wylie or Jacob Bergman, and the Court does not have access to any complaint filed with the Commission on Human Rights by Aaron Hebron.  The Court already has discussed the Root matter, see note 17 supra, and the two other state cases, Charles White and Richard Kelly, were removed to federal court.

[22]See notes 18-20  supra.

[23]The Eugenic case does not match the docket number listed by plaintiff, nor does any plaintiff appear with that name.

[24]Woods v. State Prison Warden, 94 CV 1016 (PCD).

[25]Findeisen v. Town of Hamden, 10 CV 662 (SRU), Dkt. #1 (false arrest); Ireland v. Town of Hamden, 07 CV 1685 (RNC), Dkt. #1 (use of a taser).

[26]The Ireland suit, see note 25 supra, was filed on behalf of the Estate of David Mills.

[27]White v. Town of Hamden, 08 CV 634 (JBA), Dkt. #105, ¶¶ 3-12; Cosentino v. Town of Hamden, 11 CV 1669 (RNC), Dkt. #1, ¶¶ 13, 29-32; Kelly v. Town of Hamden, 06 CV 1016 (VLB), Dkt. #41, ¶¶ 7-8; Merritt v. Mello, 07 CV 1371 (AWT), Dkt. #1, ¶¶ 7-9; Randolph v. Brown, 12 CV 991 (VLB), Dkt. #1, ¶¶ 8, 22-25.

The jury verdict was in favor of defendants in the White case, 08 CV 634 (JBA), Dkts. ##114-15, and in the Merritt case, 07 CV 1371 (AWT), Dkt. ##40-41.

The Kelly case settled.  06 CV 1016 (VLB), Dkt. #69.

Thus, of the seven federal lawsuits with claims for excessive force, two occurred after the event at issue here, two resulted in defense verdicts, one settled, and two are still pending; the three viable prior incidents occurred over a span of two years, from April 2005 to October 2007. None of these cases would have put the Town of Hamden on notice that Officer Onofrio or its police force had a practice of using excessive force.  Moreover, under similar circumstances, the Second Circuit and the district courts within the Second Circuit have held that a plaintiff's citation to a few lawsuits involving claims of alleged excessive force is not probative of the existence of an underlying policy by a municipality, police department, or department of corrections.  See, e.g., Jean-Laurent v. Wilkerson, 461 F. App'x 18, 22-23 (2d Cir. 2012)(plaintiff's "citation to various lawsuits involving inmate claims for excessive use of force is not probative of the existence of any underlying policy that could be relevant here.");  Jones v. City of New York, No. 12-CV-3658, 2013 WL 6047567, at *13 (E.D.N.Y. Nov. 14, 2013)("[T]he existence of other lawsuits against the City alleging similar violations of constitutional rights also does not establish a policy or of the City.") (citing Jean-Laurent);  Peterec v. Hilliard, No. 12-CV-3944 (CS), 2013 WL 5178328, at *11-12 (S.D.N.Y. Sept. 16, 2013)(a single similar lawsuit is insufficient to give rise to a Monell claim); Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 345-46 (E.D.N.Y. 2006)(multiple citations omitted).  As a district court held two months ago in rejecting a claim under Monell, "Ultimately, [plaintiff] has provided only conclusory allegations that the conduct he complains of was the result of a custom or policy of the City."  Jones, 2013 WL 6047567, at *13 (citation omitted).  Similarly, as another district court explained when plaintiff referenced other excessive force lawsuits against the same municipal defendant:

> [A]ssuming arguendo that such lawsuits exist, the mere fact that a number of lawsuits have been filed, without any information as to whether the suits are

---

The Cosentino and Randolph cases are pending.

> meritorious or spurious, or alternatively, any evidence that the municipality ignored such complaints such that it constituted deliberate indifference to any potential problem of excessive force, does not assist a fact-finder in determining whether the [defendant] Town . . . actually has a historical problem of its police officers using unconstitutionally excessive force in the performance of their duties.

Ostroski, 443 F. Supp. 2d 346 (multiple citations omitted). See also Johnson v. City of Nashua, No. 01-CV-165 (B), 2002 WL 1349515, at *6 (D.N.H. June 19, 2002)(dismissing §1983 municipal liability claim, by finding that evidence of the filing of three lawsuits against a particular officer without further detail could not support conclusion that municipality's response to the lawsuits was constitutionally deficient); Amann v. Prince George's Cnty., Md., No. 99-CV-3759 (DKC), 2001 WL 706031, at *2 (D. Md. June 15, 2001)(same conclusion with respect to two lawsuits filed against same police officer).

For that same reason, the article in the New Haven Register regarding the Alberino lawsuit (Dkt. #92, Exh. I),[28] is inadmissible hearsay, which cannot be used to support plaintiff's opposition regarding his Monell claims. See, e.g., Henderson v. Williams, 10 CV 1621 (JCH), 2013 WL 1984545, at *8 (D. Conn. May 13, 2013)(multiple citations omitted); Odom v. Matteo, 772 F. Supp. 2d 377, 403-04 (D. Conn. 2011)(multiple citations omitted).

Thus, defendants' Motion for Summary Judgment is granted with respect to plaintiff's claims against defendant Town of Hamden under Monell.

## IV. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (Dkt. #84) is granted. The case will proceed on plaintiff's excessive force claims under the Fourth Amendment and under Connecticut Constitution, Article First, section seven in the First Count, and his state law claims for intentional torts in the Second Count, all as against defendants Onofrio, Goclowski and

---

[28]See note 20 supra.

Calamita only.

This is <u>not</u> a Recommended Ruling.  The parties consented to the exercise of jurisdiction by a U.S. Magistrate Judge and the case was transferred to the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes including entry of judgment.  (<u>See</u> Dkt. #58).

Defense counsel shall contact this Magistrate Judge's Chambers in order to schedule a continued telephonic status conference with plaintiff and defense counsel.

SO ORDERED this 14th day of January, 2014, at New Haven, Connecticut.


 /s/ Joan G. Margolis, USMJ
Joan G. Margolis
United States Magistrate Judge